**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| S/H Ahwatukee, LLC, et al. | |
| Plaintiffs, | No. CV-07-1367-PHX-PGR |
| vs. | |
| Wild Oats Markets, Inc., | ORDER |
| Defendant. | |

The defendant removed this action on July 16, 2007 solely on the basis of diversity of citizenship jurisdiction. Having reviewed the defendant's Notice of Removal to determine if subject matter jurisdiction exists in this Court, the Court finds that the Notice of Removal is facially deficient because it fails to properly allege the existence of diversity of citizenship jurisdiction.[1]

As the Supreme Court has long since, and repeatedly, made clear,

> [t]he established rule is that a plaintiff [or removing defendant], suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss [or remand] the case, unless the defect be corrected by amendment.

---

[1] The defendant is advised that the capitalization of the parties' names in the caption of the Notice of Removal violates LRCiv 7.1(a)(3).

-1-

Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926); accord, Rilling v. Burlington Northern Railroad Co., 909 F.2d 399, 400 (9th Cir. 1990).  The defendant has not met its jurisdictional pleading burden because the Notice of Removal fails to affirmatively set forth the facts necessary for the Court to determine the citizenship of the plaintiffs.

The jurisdictional allegation in the Notice of Removal regarding the citizenship of the plaintiffs is facially deficient because it, like the complaint, merely states that the "Plaintiffs are Arizona limited liability companies." This allegation is insufficient as a matter of law because a limited liability company is not treated as a corporation for purposes of determining whether diversity exists under § 1332. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")  What is thus required in the Notice of Removal is an affirmative identification of each member of the plaintiff limited liability companies and an affirmative statement of the citizenship of each such member.

In order to cure these pleading deficiencies, the Court will require the defendant to file an amended notice of removal that properly states the citizenship of the plaintiffs. The defendant is advised that its failure to timely comply with this order shall result in the remand of this action without further notice for lack of subject matter jurisdiction. Therefore,

IT IS ORDERED that the defendant shall file an amended notice of removal properly stating a jurisdictional basis for this action no later than **August 17, 2007.**

IT IS FURTHER ORDERED that the Order Setting Scheduling Conference

(doc. #7) is stayed pending the filing of an amended notice of removal that complies with this Order.

DATED this 1st day of August, 2007.

Paul G. Rosenblatt
United States District Judge