**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| S/H Ahwatukee, LLC, et al.,<br><br>        Plaintiffs,<br>    vs.<br><br>Wild Oats Markets, Inc.,<br><br>        Defendant. | No. CV-07-1367-PHX-PGR<br><br>ORDER |

Because the defendant removed this action solely on the basis of diversity of citizenship jurisdiction without properly stating the citizenship of the plaintiffs, stated in the complaint to be S/H Ahwatukee, LLC and YP-Ahwatukee, LLC, the Court ordered the defendant to file an amended notice of removal that properly stated a jurisdictional basis for this action. Pursuant to that order, the defendant filed an Amended Notice of Removal (doc. #13) on August 31, 2007. In the amended notice, the defendant, stating its belief that the complaint was brought in the name of the wrong plaintiff entities and that the proper plaintiffs are in fact two different entities, S/H Ahwatukee Square, LLC and Y-P Ahwatukee Square, LLC, proceeded to allege the citizenship of those latter entities.[1]  On September

---

[1] The Court notes that even if Y-P Ahwatukee Square, LLC is an appropriate plaintiff, the Amended Notice of Removal still fails to properly allege

12, 2007, the parties, noting that they are close to settling this matter, filed a joint motion seeking an extension of time through September 28, 2007, for the defendant to file its response to the complaint and for the plaintiffs to file a response to the Amended Notice of Removal.[2]

The Court does not know at this time whether it acquired subject matter jurisdiction over this action as of the date of removal because the citizenship of the named plaintiffs still has not been properly alleged.  While the defendant may well be correct that the incorrect plaintiffs were named in the complaint, it is improper for it to base a removal on its unilateral belief as to who the correct plaintiffs should be.   The defendant's obligation upon removal is to allege the facts necessary for the Court to determine whether it has jurisdiction over the action based on the record as it exists on the date of removal.   If different plaintiffs should be substituted into this action, then that issue can be resolved in due course, either through the defendant filing an appropriate motion as permitted by the Federal Rules of Civil Procedure or for the plaintiffs amending the complaint as permitted by the Federal Rules of Civil Procedure, after the initial issue of subject matter jurisdiction is resolved.

The only issue that the Court is thus interested in resolving at this time is whether diversity of citizenship jurisdiction existed both as of the time this action

---

its citizenship because its member Young Properties is merely alleged to be a "California entity and citizen of California".  Without knowing what type of business entity Young Properties is, the Court has no way of knowing the basis for the allegation that it is a California citizen.

[2] The Court also notes that there is nothing in the Federal Rules of Civil Procedure permitting a plaintiff to file any "response" to a notice of removal other than a motion to remand.

was commenced in the Maricopa County Superior Court and as of the time it was removed to this Court. As the removing party, it is the defendant's burden to show that subject matter jurisdiction properly exists, California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), *cert. denied*, 544 U.S. 974 (2005), and as of this date it has failed to do so. The Court will therefore give the parties until September 28, 2007 to either settle this matter or for the defendant to file a second amended notice of removal properly alleging that subject matter jurisdiction existed over this action, as then constituted, as of the date of removal. Since the removal statute is strictly construed against removal jurisdiction, the failure to timely resolve the jurisdictional issue to the Court's satisfaction will result in the remand of this action. *Id.* Therefore,

IT IS ORDERED that the parties' Joint Motion for Extension of Time re (1) Plaintiffs' Response to Amended Notice of Removal and (2) Defendant's Response to Plaintiff's Complaint (doc. #15) is denied.

IT IS FURTHER ORDERED that the defendant shall file a second amended notice of removal properly stating the citizenship of the named plaintiffs no later than September 28, 2007.

DATED this 14th day of September, 2007.

Paul G. Rosenblatt
United States District Judge